**NATALIE K. WIGHT, OSB #035576**
United States Attorney
**ALISON M. MILNE, WSBA #40845**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone:  503.727.1100
Email:    alison.milne@usdoj.gov
    Attorneys for Defendants


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON


| | |
|---|---|
| **SAMUEL KINUTHIA GICHARU**, | Case No.: 3:24-cv-00349-AR |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **MERRICK GARLAND; MARTIN O'MALLEY; DAVID T. WESLING; SUSAN DIBBINS,** | |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

CERTIFICATE OF COMPLIANCE WITH LR 7-1 ............................................1

MOTION ..................................................................................................................1

CLAIMS ...................................................................................................................1

FACTS .....................................................................................................................2

*Claims involving the SSA* ....................................................................................2

*Bivens Claims involving ICE agents* ..................................................................3

*Claims involving the AAO* ...................................................................................3

LEGAL STANDARD .............................................................................................4

12(b)(3) Improper Venue ......................................................................................4

12(b)(1) Lack of Subject Matter-Jurisdiction ....................................................5

12(b)(6) Failure to state a claim upon which relief can be granted ..................6

ARGUMENT ...........................................................................................................7

I.      Plaintiff's case should be dismissed for improper venue ..................7

II.     This Court lacks jurisdiction over Plaintiff's Claims regarding
        Social Security benefits ........................................................................8

III.    Plaintiff's *Bivens* claim against Defendant Wesling fails to
        state a claim .......................................................................................... 10

        A.      Plaintiff's allegations present a new *Bivens* context ................. 13

        Specific Facts in *Carlson* Case ............................................................. 15

        *Allegations Against Defendant Wesling* ................................................. 15

B.    Special Factors Analysis.................................................................... 16

C.    The FTCA and State Tort Law Remedies .................................... 18

D.    The Societal and Practical Costs of Implying a New *Bivens* Action.................................................................................................... 20

E.    Defendant Wesling is entitled to qualified immunity ................. 21

F.    All but Plaintiff's 2023 Bivens claims are barred by two-year statute of limitations ................................................................... 24

CONCLUSION................................................................................................... 24

CERTIFICATE OF SERVICE......................................................................... 25

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alexander v. Ortiz*, No. 15-6981 (JBS-AMD), 2018 U.S. Dist. LEXIS 45329 (D.N.J. Mar. 20, 2018) ............................................................... 19

*Anderson v. Creighton*, 483 U.S. 635 (1987).................................................... 22

*Arar v. Ashcroft*, 585 F.3d (2nd Cir. 2009) ................................................. 19, 20

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ......................................................... 22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................... 6, 23

*Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983) .............................. 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................... 6

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).......................................................................................... 11

*Brosseau v. Haugen*, 543 U.S. 194 (2004)........................................................ 22

*Carlson v. Green*, 446 U.S. 14 (1980) ................................................... 11, 15, 18

*Chambers v. Herrera*, 78 F.4th 1100 (9th Cir. 2023) ...................................... 15

*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) ........................ 13, 16, 18, 19

*Crocker v. USP 1 Coleman*, No. 20-cv-568, 2022 WL 272173 (M.D. Fla. Jan. 6, 2022) ................................................................................. 18

*Ctr. for Cmty. Action & Env't Just. v. BNSF Ry. Co.*, 764 F.3d 1019 (9th Cir. 2014) .................................................................................................. 6

*Davis v. Passman*, 442 U.S. 228 (1979) .......................................................... 11

*De Lao v. Califano*, 560 F.2d 1384 (9th Cir. 1977)....................................... 9, 12

*Edwards v. Gizzi*, No. 20-cv-7371, 2022 WL 309393
(S.D.N.Y. Feb. 2, 2022) ................................................................ 18

*Egbert v. Boule*, 596 U.S. 482 (2022) ...................................... 11, 14, 17, 20, 21

*Ensey v. Richardson*, 469 F.2d 664 (9th Cir. 1972).......................................... 8

*FDIC v. Meyer*, 510 U.S. 471 (1994).................................................................. 9

*Fontanez v. U.S. Soc. Sec. Admin.*, No. CV 17-2844 (RDM),
2020 WL 5545439 (D.D.C. Sept. 16, 2020) ...................................... 9

*Green v. Carlson*, 581 F.2d 669 (7th Cir. 1978)................................................ 15

*Harper v. Need*, 71 F.4th 1181 (9th Cir. 2023)................................................ 12

*Hernandez v. Mesa*, 140 S. Ct. 735 (2020) ............................... 11, 12, 13, 17, 19

*Hui v. Castaneda*, 559 U.S. 799 (2010)............................................................ 18

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .................... 5

*Mejia v. Miller*, 61 F.4th 663 (9th Cir. 2023) ................................................ 16

*Minneci v. Pollard*, 565 U.S. 118 (2012) ........................................................ 18

*Mirmehdi v. U.S.*, 689 F.3d 975 (9th Cir. 2012).................................. 19, 20, 21

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004) ...................... 4

*Nellson v. Doe*, No. 21-6206, 2023 WL 3336689 (4th Cir. May 10, 2023) ....... 13

*Oliva v. Nivar*, 973 F.3d 438 (5th Cir. 2020)................................................... 13

*Pearson v. Callahan*, 555 U.S. 223 (2009) ...................................................... 21

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491
(9th Cir. 1979) ................................................................................ 4

*Reynolds v. Cnty. of San Diego*, 84 F.3d 1162 (9th Cir. 1996)......................... 22

*Roman v. Wolf*, 977 F.3d 935 (9th Cir.) ............................................................. 19

*Safe Air For Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .................... 5, 6

*Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036
   (9th Cir. 2003) ............................................................................................... 5, 6

*Schweiker v. Chilicky*, 487 U.S. 412 (1988) ................................................. 9, 21

*Solida v. McKelvey*, 820 F.3d 1090 (9th Cir. 2016) .......................................... 9

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) .................................... 6

*United States v. 14.02 Acres of Land More or Less in Fresno County*,
   547 F.3d 943 (9th Cir. 2008) ............................................................................ 5

*Vacek v. U.S. Postal Serv.*, 447 F.3d 1248 (9th Cir. 2006) ................................. 5

*Van Strum v. Lawn*, 940 F.2d 406 (9th Cir. 1991) ........................................... 24

*W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153 (9th Cir. 2000) ............ 24

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ...................................................... 5

*White v. Pauley*, 137 S. Ct. 548 (2017) ............................................................ 22

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) ............................................ 5

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) ..... 10, 11, 12, 13, 14, 16, 17, 18, 20, 21

## FEDERAL STATUTES

28 U.S.C. § 1391(e)(1) ......................................................................................... 4

28 U.S.C. § 1402(a)(1) ...................................................................................... 4, 7

28 U.S.C. § 1406(a) ............................................................................................. 4

28 U.S.C. § 2679(a) .................................................................................... 1, 2, 3

28 U.S.C. § 2679(b)(1) ......................................................................................... 1

42 U.S.C. § 405(g) ...................................................................................... 8

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(1).......................................................................... 5, 8, 9

Fed. R. Civ. P. 12(b)(3)............................................................................... 4

Fed. R. Civ. P. 12(b)(6)............................................................................... 6

## FEDERAL REGULATIONS

20 C.F.R. § 404.967 ................................................................................... 8

20 C.F.R. § 404.981 ................................................................................... 8

**CERTIFICATE OF COMPLIANCE WITH LR 7-1**

Counsel for Defendants certifies that she conferred with Plaintiff by phone regarding this motion and that Plaintiff opposes the motion.

**MOTION**

Defendants Merrick Garland, Attorney General; Martin O'Malley, Commissioner of the Social Security Administration; David T. Wesling, individually; and Susan Dibbins, Chief, Office of Administrative Appeals, (collectively, "Defendants"), by Natalie K. Wight United States Attorney, through Alison Milne Assistant United States Attorney, hereby submits this motion to dismiss for improper venue, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]

**CLAIMS**

Plaintiff brings three main categories of claims. First, through his claims against the Social Security Administration ("SSA"), Plaintiff alleges that the SSA violated the Administrative Procedure Act and the Due Process and Equal Protection guarantees of the Fifth Amendment when it cancelled payment of his social security and Medicare benefits based upon his deportation and demanded $6,416.00 of the overpayment SSA erroneously paid to him. ECF 1

---

[1] To the extent Plaintiff attempts to raise FTCA or other claims against the United States, Plaintiff should have named the United States instead of Attorney General Merrick Garland. *See* 28 U.S.C. §§ 2679(a), (b)(1).

pp. 8-9.  Plaintiff resided in Massachusetts prior to his deportation.  *Id.* at p.
11.  Plaintiff seeks injunctive and declaratory relief over his claim.  *Id.* at p.
21.

Next, Plaintiff asserts *Bivens* claims.  He alleges that, while in
Massachusetts, he was handcuffed for excessive periods in 2015, 2016, 2018,
and 2023, causing damage to his thumb.  *Id.* at pp. 22.  Plaintiff claims
Defendant Wesling, an Assistant Field Office Director for U.S. Department of
Homeland Security, Immigration and Customs Enforcement ("ICE"),
Enforcement and Removal Operations, supervised the United States ICE
agents responsible for the actions alleged.  *Id.*  at pp. 37-39.  He previously
raised these allegations in a habeas petition in the District of Massachusetts.
*Id.* at pp. 41-43.

Finally, Plaintiff brings an APA claim.  By letter dated January 23, 2024,
and addressed to Plaintiff's former Massachusetts address, the Administrative
Appeal Office ("AAO") issued a letter of denial of his appeal to challenge the
denial of his Form I-360 petition for classification as a special immigrant
religious worker.  *Id.* at pp. 44-64.

## FACTS

### *Claims involving the SSA*

Plaintiff lived in Massachusetts from 2003 to 2023 until ICE deported
him to Kenya.  ECF 1, pp. 12, 16.  While living in Massachusetts, Plaintiff

received benefits from the SSA.  *Id.* at p. 12.  After his removal, the SSA sent notices to his previous address in Massachusetts notifying him that it planned to stop his payments and that he owed the SSA money due to receipt of "too much in benefits" when he was either not a United States citizen or lawfully present in the U.S.  *Id.* at pp. 11-15.

### *Bivens Claims involving ICE agents*

Plaintiff was in ICE custody in 2015, 2016, 2018, and 2023 when, according to Plaintiff, ICE agents handcuffed him for 7-10 hour periods.  *Id.* at pp. 22, 26.  Defendant Wesling supervised the ICE agents who handcuffed Plaintiff and ultimately deported him to Kenya.  *Id.* at pp. 22; 38-39. Defendant Wesling is stationed in Burlington, Massachusetts.  *Id.*  Plaintiff presented allegations identical to his current *Bivens* claims in a habeas petition in the District of Massachusetts in 2023.  *Id.* at 41; *see* Case No.: 1:23-cv-11672.  The judge in that case instructed Plaintiff to file a civil complaint if he wished to pursue any non-habeas claims.  *Id.*  Plaintiff chose to bring his claims in the District of Oregon in this case because his son has a mailing address in this district.  ECF 1, p. 11.

### *Claims involving the AAO*

In 2020, while living in Massachusetts, Plaintiff submitted a Form I-360 petition on behalf of himself seeking classification as a special immigrant religious worker.  *Id.* at pp. 44-45; 62; 67-73.  Plaintiff previously appealed the

agency denying his Form I-360 petition.  *Id.* at 55. By letter dated January 23, 2024, the AAO denied this appeal and that letter was sent to Plaintiff's former address in Massachusetts.  *Id.* at pp. 66-73.

## LEGAL STANDARD

### 12(b)(3) Improper Venue

When a defendant is an agency, employee or officer of the United States, venue is only proper if it meets one of three criteria:  a defendant resides in the district, a substantial part of the events or omissions giving rise to the claim occurred in the district, or, if no real property is involved in the action, the plaintiff resides in the district.  28 U.S.C. § 1391(e)(1).  When the defendant is the United States, venue is proper in the judicial district where the plaintiff resides.  28 U.S.C. § 1402(a)(1).  When ruling on a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings."  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  If venue is improper, a district court has discretion to either dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) or, in the interests of justice, to transfer the action to a district in which it could have been brought pursuant to 28 U.S.C. § 1406(a).  The Plaintiff has the burden of showing venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

**12(b)(1) Lack of Subject Matter-Jurisdiction**

Federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250. Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks power to adjudicate the case. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

The Court may properly consider records of administrative bodies on a Rule 12 motion because such records are subject to judicial notice. *See United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008). Once the moving party offers such extrinsic evidence, the non-

moving party must necessarily produce affidavits or any other evidence to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. *Safe Air,* 373 F.3d at 1039; *Savage*, 343 F.3d at 1039 n.2; *St. Clair*, 880 F.2d at 201.

**12(b)(6) Failure to state a claim upon which relief can be granted**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a complaint will only survive a motion to dismiss if it states a plausible claim for relief. *Id.* at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead facts that demonstrate to the Court that the defendant is liable for the misconduct alleged. *Id.* at 678. However, a complaint must do more than simply plead a "sheer possibility that a defendant has acted unlawfully," and legal conclusions must be supported by factual allegations. *Id.* The Ninth Circuit has similarly held that a complaint may be dismissed when there is "either a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal claim." *Ctr. for Cmty. Action & Env't Just. v. BNSF Ry. Co.*, 764 F.3d 1019, 1023 (9th Cir. 2014).

## ARGUMENT

### I.    Plaintiff's case should be dismissed for improper venue.

Venue in the District of Oregon is improper. The District of Oregon does not meet any of the criteria required for proper venue when as is the case here, a defendant is the United States, an agency or an employee or officer of the United States. 28 U.S. § 1391 (a), (e); 28 U.S.C. § 1402(a)(1).

None of the Defendants reside in the District of Oregon; Plaintiff resides in Kenya and never resided in the District of Oregon; and none of the events or omissions giving rise to the claims occurred in the District of Oregon. *See* ECF 1, p. 11. Moreover, he acknowledges that his prior residency is in Massachusetts and that SSA sent cancellation and overpayment notices to his prior address in Massachusetts. *Id.* However, his son, who is receiving mail on his behalf, has an Oregon mailing address. He suggests that his son's Oregon address, in and of itself, makes the District of Oregon a proper venue for this lawsuit.[2] *Id.* But the District of Oregon is not a proper venue simply because Plaintiff's son lives in Oregon. Accordingly, this case must be dismissed, or transferred.

---

[2] The address Plaintiff provides for his son is the address of a UPS shipping store in Portland, OR.

## II.    This Court lacks jurisdiction over Plaintiff's Claims regarding Social Security benefits.

Plaintiff seeks judicial review of the Social Security Administration's assessment of an overpayment, its efforts to recoup the money and its decision to cease providing Plaintiff with benefits.  ECF 1, at pp. 20-21. The Social Security Act provides for judicial review of agency actions, after a "final decision of the Commissioner of Social Security."  42 U.S.C. § 405(g).

A decision from an administrative law judge (ALJ) does not become "final" under 42 U.S.C. § 405(g) until the claimant requests review of that decision by the Appeals Council and the Appeals Council denies the request. *See* 20 C.F.R. §§ 404.967, 404.981.  A claimant's failure to request Appeals Council review of an ALJ's decision "precludes judicial review of the matter." *Ensey v. Richardson*, 469 F.2d 664, 666 (9th Cir. 1972).  In such circumstances, the only proper course is to "dismiss the action."  *Id; see also* Fed. R. Civ. P. 12(b)(1).

Here, Plaintiff does not allege that he requested reconsideration of the overpayment assessment or the cessation of his benefits.  Specifically, he does not allege that he requested or received a decision by an ALJ or that he requested review of such an ALJ decision by the Appeals Council.  In other words, Plaintiff does not allege, as he must, that he received a "final decision" within the meaning of 42 U.S.C. § 405(g).  Consequently, he does not have

recourse in Federal Court and the Court should dismiss the action for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

This Court also lacks jurisdiction over Plaintiff's Social Security benefits claims to the extent he seeks damages. He appears to seek an order requiring SSA to send Plaintiff monthly payments or issue a lump sum including appreciation interest and to prevent the SSA from recouping any overpayments. ECF 1 at p. 21. The United States retains its sovereign immunity from money damages under the Social Security Act and has not waived sovereign immunity for such a remedy because money damages were not authorized by Congress under the Social Security Act. *See Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); *De Lao v. Califano*, 560 F.2d 1384, 1390 (9th Cir. 1977); *Fontanez v. U.S. Soc. Sec. Admin.*, No. CV 17-2844 (RDM), 2020 WL 5545439, at *10 (D.D.C. Sept. 16, 2020) (collecting cases) ("[N]othing in Section 405(g) waives the sovereign immunity of the United States with respect to claims for damages[.]").[3] Because the United States did not waive sovereign immunity from money damages under the Social Security Act, this

---

[3] The United States and its agencies cannot be held liable for money damages for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Nor are money damages available against a named federal employee acting in their official capacity. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016).

**Page 9      Defendants' Motion to Dismiss**

is another reason this Court lacks subject matter jurisdiction over Plaintiff's

Social Security claims and they should be dismissed.

### III.  Plaintiff's *Bivens* claim against Defendant Wesling fails to state a claim.

Plaintiff's Eighth Amendment Constitutional Claim alleges Defendant

Wesling supervised ICE agents who handcuffed him for excessive periods of

time during 2015, 2016, 2018, and 2023.  ECF 73 at 5.  Although Plaintiff

attempts to couch this claim as a *Bivens* "cruel and unusual punishment"

constitutional claim in violation of the Eighth Amendment, it amounts to an

excessive force claim.  This claim should be dismissed as recent Supreme Court

decisions make it clear that a *Bivens* remedy is unavailable in all but the most

unusual circumstances and that extending *Bivens* here should be a legislative

endeavor.

In 2017 the Supreme Court issued its decision in *Ziglar v. Abbasi*, 137 S.

Ct. 1843 (2017), a seminal case wherein the Supreme declined to extend a

*Bivens* remedy to the plaintiffs explaining that "three cases -- *Bivens, Davis*

and *Carlson* -- represent the only instances in which the [Supreme] Court has

approved of an implied damages remedy under the Constitution itself."  *Id.* at

1855.

In *Bivens*, the Court allowed a Fourth Amendment claim to proceed

against a Federal Bureau of Narcotics ("FBN") agent who seized the plaintiff

**Page 10    Defendants' Motion to Dismiss**

in his own home without a warrant.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Davis*, the Court allowed a Fifth Amendment sex discrimination claim to proceed against a House of Representatives member under an employment discrimination claim under Title VII.  *Davis v. Passman*, 442 U.S. 228 (1979).  In *Carlson*, the Court allowed a claim to proceed under the Eight Amendment due to a federal prison's failure to treat the plaintiff's sudden asthmatic attack which resulted in his death.  *Carlson v. Green*, 446 U.S. 14 (1980).  After those three decisions, however, the Court changed course.  Since *Carlson* was decided in 1980 over forty years ago, the Court has refused to extend a *Bivens* remedy outside of the above three contexts.  *See Abbasi*, 137 S. Ct. at 1857 (collecting cases).  As the Supreme Court recently explained:

> In later years, we came to appreciate more fully the tension between this practice [of extending *Bivens*] and the Constitution's separation of legislative and judicial power. The Constitution grants legislative power to Congress; this Court and the lower federal courts, by contrast, have only 'judicial Power.' Art. III, §1. But when a court recognizes an implied claim for damages on the ground that doing so furthers the 'purpose' of the law, the court risks arrogating legislative power.

*Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020).

The *Bivens* trilogy of cases were decided 43 to 51 years ago, during an "*ancient regime*" when "the Court assumed it to be a proper judicial function to 'provide such remedies as are necessary to make effective' a statute's purpose." *Abbasi*, 137 S. Ct. at 1855 (citations omitted).  The Supreme Court took its analysis even further in deciding *Egbert v. Boule*, 596 U.S. 482 (2022) and

**Page 11    Defendants' Motion to Dismiss**

denying a *Bivens* claim against a border patrol agent, rendering it unlikely that any future *Bivens* claims will survive the Supreme Court's current test with regard to extending *Bivens*. *See Harper v. Need*, 71 F.4th 1181, 1187 (9th Cir. 2023) ("Essentially then, future extensions of *Bivens* are dead on arrival."). In *Egbert*, the Court refused to recognize a *Bivens* claim against a DHS officer who allegedly assaulted a U.S. citizen on his own property. The Court stated it has now "come to appreciate more fully the tension between judicially created causes of action and the Constitution's separation of legislative and judicial power." *Egbert*, at 1802 (quoting *Hernández*, 140 S. Ct. at 741) (internal quotations omitted). As stated in *Egbert*, "called to decide *Bivens* today, [the Court] would decline to discover any implied causes of action in the Constitution." *Id.* at 1809. The Court has thus once again "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity,'" *Id.* at 1803 (quoting *Abbasi*, 137 S. Ct. at 1857), and that a *Bivens* remedy is *unavailable* "in all but the most unusual circumstances." *Id.* at 1800. This is because, "[a]t bottom, creating a cause of action is a legislative endeavor." *Id.* at 1802.

In *Abbasi*, *Hernandez* and *Egbert*, the Supreme Court has clarified the framework that must now be applied by the lower courts when determining whether a new *Bivens* remedy against federal officials can be created. First, courts must inquire whether a given case presents a "new *Bivens* context."

**Page 12    Defendants' Motion to Dismiss**

*Abbasi*, 137 S. Ct. at 1855. If the context is new, then courts must evaluate whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857. If any such "special factors" exist, a *Bivens* action is not available. *Id.* As explained in more detail below, the present case presents a new *Bivens* context, and special factors counsel hesitation in extending *Bivens* in the prisoner litigation context.

**A.    Plaintiff's allegations present a new *Bivens* context.**

The Supreme Court's "understanding of a 'new context' is broad." *Hernández*, 140 S. Ct. at 743. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Id.* Indeed, "a context [is] 'new' if it is 'different in a meaningful way from previous *Bivens* cases decided by this Court'" (*Id.,* quoting *Abbasi*, 137 S. Ct. at 1859), or if it even just "involves a 'new category of defendants.'" *Id. (*quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). As one court recently described, "[v]irtually everything" outside the specific facts of *Bivens*, *Davis*, and *Carlson* is a "new context." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2669 (2021). As another court recently noted, "[i]t is not enough…that a case involves the same constitutional provision or the same right as in *Carlson*; that level of generality is too high." *Nellson v. Doe*, No. 21-6206, 2023 WL 3336689, at *4 (4th Cir. May 10, 2023).

**Page 13    Defendants' Motion to Dismiss**

Here, Plaintiff's claims presents a new *Bivens* context. Aside from the overarching constitutional theories at issue, this case has nothing else in common with *Bivens*, *Davis* or *Carlson*, and cases involving the same "constitutional right" and "mechanism of injury" as prior *Bivens* cases can still present a new context. *Abbasi*, 137 S. Ct. at 1864.[4] In *Egbert*, the majority observed that "a plaintiff cannot justify a *Bivens* extension based on 'parallel circumstances' with *Bivens, Davis*, or *Carlson* unless he also satisfies the 'analytic framework' prescribed by the last four decades of intervening case law." *Egbert*, 142 S. Ct. at 1809. In other words, a court should conduct a special factors analysis even when the plaintiff's allegations closely resemble *Carlson* because that case "predates [the Court's] current approach to implied causes of action." *Id*. at 1808.

Plaintiff named one individual in his *Bivens* claims, Defendant Wesling. Defendant Wesling supervises officers responsible for assisting the scheduling and execution of removal orders for noncitizens in ICE custody including those whom Plaintiff alleges handcuffed him for excessive periods of time. ECF 1 at p. 38.

---

[4] In *Egbert*, for example, the Court affirmed the Ninth Circuit's holding that the plaintiff's Fourth Amendment claim presented a new context even though, as in *Bivens*, the plaintiff alleged that a federal law enforcement agent entered his property without a warrant and unlawfully seized him. *Egbert*, 142 S. Ct. 1793.

**Page 14    Defendants' Motion to Dismiss**

**Specific Facts in *Carlson* Case**

The specific facts considered by the Court in the *Carlson* case over 40 years ago involved an inmate who suffered from chronic asthmatic attacks; a private doctor at an outside hospital recommended the prisoner be transferred to a different penitentiary in a more favorable climate, which did not occur; the inmate did not receive steroid treatments ordered by doctors at the private hospital; an unlicensed nurse administered two injections of a drug contraindicated for asthmatic attacks, which caused the prisoner to suffer respiratory arrest; an unlicensed nurse and a staff officer administered electric jolts to the prisoner even though neither man knew how to operate the machine; and the medical treatment rendered caused the inmate's death. *See Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978); *Carlson*, 446 U.S. 14.

***Allegations Against Defendant Wesling***

In contrast, Plaintiff's allegations against Defendant Wesling bears no similarities to the three *Bivens* cases. "Unlike *Carlson*, which involved a deliberate indifference claim for inadequate medical attention," Plaintiff's "claim here is rooted in excessive force" and "therefore represents a new *Bivens* context because it is distinct from the three actions recognized in *Bivens*, *Davis*, and *Carlson*." *Chambers v. Herrera*, 78 F.4th 1100, 1107 (9th Cir. 2023). Further, Defendant Wesling is employed by the U.S. Department of Homeland Security, United States Immigration and Customs Enforcement.  Unlike the

**Page 15    Defendants' Motion to Dismiss**

officers in *Bivens,* Defendant Wesling and the agents he supervises are not narcotics agents.  Thus, the case here presents a *new* category of defendant and a *new* legal mandate the defendant is acting under. *Mejia v. Miller*, 61 F.4th 663, 668 (9th Cir. 2023);*Egbert*, 142, S. Ct. at 1803; *Abassi*, 582 U.S. at 139-140; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("[W]e have consistently refused to extend Bivens liability to any new context or new category of defendants."). Plaintiff does not allege Defendant Wesling was personally involved in the activities he alleged violated his constitutional rights.  Instead, Plaintiff only claims Defendant Wesling served as a supervisor.  Plaintiff's allegations against individually named Defendant Wesling certainly present a new *Bivens* context, and the only similarity between this case and *Carlson* is the fact both cases were brought under the Eighth Amendment.  This is where the similarity ends. *See Abbasi*, 582 U.S. at 149 ("[T]he new-context inquiry is easily satisfied.").  This case presents a new context, and therefore the Court should proceed to the special factors analysis.

### B.    Special Factors Analysis

When "a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, at 1803 (quoting *Abbasi*, 137 S. Ct. at 1858).  The

**Page 16    Defendants' Motion to Dismiss**

Supreme Court has "not attempted to 'create an exhaustive list' of factors that may provide a reason not to extend *Bivens*, but [has] explained that 'central to [this] analysis' are 'separation-of-powers principles.'" *Hernández*, 140 S. Ct. at 793 (quoting *Abbasi*, 137 S. Ct. at 1858). "If there is *a rational reason* to think that the answer is 'Congress' -- as it will be in *most every case -- no Bivens* action may lie." *Egbert*, at 1803 (emphasis added).

The Court in *Egbert* reiterated the importance of a range of policy considerations in the special factors analysis including not only the existence of alternative remedies, but "economic and governmental concerns," "administrative costs," and the "impact on governmental operations systemwide." *Id.* at 1802 (quoting *Abbasi*, 137 S. Ct. at 1858).

This case presents several sound reasons to defer to Congress in not extending a *Bivens* remedy against Defendant Wesling, including: (1) Congress is better positioned to create remedies in the context of issues arising in immigration enforcement, (2) the federal government has already provided alternative remedies that protect from the alleged wrongdoing, and (3) the societal and practical costs of extending *Bivens* against individual ICE employees would cripple the federal immigration enforcement. The existence of these potential special factors warrants a full analysis of whether it would offend separation of powers principles to authorize the type of *Bivens* claim that Plaintiff proposes here. *See Egbert*, 142 S. Ct. at 1808.

**Page 17    Defendants' Motion to Dismiss**

### C.    The FTCA and State Tort Law Remedies

State court tort suits and the FTCA are "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). The Court in *Carlson* specifically noted that as of that time (1980), Congress had not provided an alternative remedy to prisoners and this is why the Court allowed a *Bivens* action to proceed. *Carlson*, 446 U.S. at 18-19. However, numerous courts have subsequently held that the FTCA and state court remedies provide alternative remedies to a *Bivens* claim. Although the Supreme Court in *Carlson* noted over forty years ago that the FTCA did not by itself displace a *Bivens* action for an inmate's denial of medical care, it has more recently said that the availability of state tort law can provide an "alternative means for relief" counseling against judicial implication of a damages remedy. *Abbasi*, 137 S. Ct. at 1858 (citing *Malesko*, 534 U.S. at 73-74, and *Minneci v. Pollard*, 565 U.S. 118, 127-30 (2012)). Thus, after *Abbasi*, courts across the country have found the availability of potential FTCA relief to be among the factors that can militate against extending *Bivens* in a variety of contexts. *See Edwards v. Gizzi*, No. 20-cv-7371, 2022 WL 309393, at *9 (S.D.N.Y. Feb. 2, 2022) (collecting cases where courts found that the FTCA was an alternative remedy that counsels against extending Bivens); *see also Crocker v. USP 1 Coleman*, No. 20-cv-568, 2022 WL 272173, at *5 (M.D. Fla. Jan. 6, 2022) (finding FTCA was

**Page 18    Defendants' Motion to Dismiss**

alternative remedy for inmate excessive force claim).

It should not be forgotten that courts have routinely held that *even in the absence* of an alternative judicial or administrative remedy, "[t]he lack of an alternative remedy for damages does not necessarily mean the Court should extend *Bivens*. *Alexander v. Ortiz*, No. 15-6981 (JBS-AMD), 2018 U.S. Dist. LEXIS 45329, at *7 (D.N.J. Mar. 20, 2018); *Hernández*, 140 S. Ct. at 750 ("Congress's decision not to provide a judicial remedy does not compel us to step into its shoes").

Here, injunctive relief is one remedy noncitizen detainees can use to challenge conditions of confinement. *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir.); *see also Coor. Servs. Corp v. Malesko*, 534 U.S. 61, 74 (2001) (*Bivens* never considered the proper vehicle for altering an entity's policy). Though he brings a *Bivens* claim, Plaintiff seeks in part an order preventing ICE from using handcuffs for more than one hour or creating a policy requiring a justification to use handcuffs for longer than one hour. ECF 1 at p. 25. Because injunctive relief is an available remedy, Plaintiff's *Bivens* claims should be denied.

Congress established a comprehensive scheme in the context of immigration. *Mirmehdi v. U.S.* 689 F.3d 975, 982 (9th Cir. 2012) (quoting *Arar v. Ashcroft*, 585 F.3d at 572 (2nd Cir. 2009). In *Mirmehdi*, the Ninth Circuit declined to extend *Bivens* to allow plaintiffs to sue federal agents for wrongful detention. *Id.* at 983. Just as the Supreme Court found that a court is not

**Page 19    Defendants' Motion to Dismiss**

competent to authorize a damages action against an agent or against Border Patrol agents generally, this Court should also find that it cannot authorize a damages action against ICE agents and should dismiss Plaintiff's *Bivens* claims. *Egbert* at 1806.

**D.    The Societal and Practical Costs of Implying a New *Bivens* Action**

Before courts take the disfavored and most unusual step of extending *Bivens*, they must evaluate "policy considerations…at least as broad as the range…a legislature would consider." *Egbert*, at 1802 (citations omitted). "Congress is 'far more competent than the Judiciary' to weigh such policy considerations." *Id.* at 1803. "And the Judiciary's authority to do so at all is, at best, uncertain." *Id.*   Nonetheless, if a court engages in this "unenviable task," which it must do before creating a new *Bivens* remedy, it must consider "economic and governmental concerns," "administrative costs," and the "impact on governmental operations systemwide." *Id.* at 1802 (quoting *Abbasi* 137 S. Ct. at 1856, 1858).

Immigration issues counsel hesitation in extending *Bivens*.  As long as "Congress' failure to provide monetary damages…has not been inadvertent, courts should defer to its judgment." *Mirmehdi*, 689 F.3d at 982.  Congress' failure to provide monetary relief in the immigration context "can hardly be said to be inadvertent, given that despite multiple changes to the structure of

**Page 20    Defendants' Motion to Dismiss**

appellate review in the Immigration and Nationality Act, Congress never created such a remedy." *Id.* (signaling to *Schweiker v. Chilicky*, 487 U.S. 412, 423, 425 (1988). Even in a particular case, a court likely cannot predict the "systemwide consequences of recognizing a cause of action under *Bivens*" and that uncertainty alone is a special factor that forecloses relief. *Egbert* 596 U.S. at 493 (citing *Ziglar*, 582 U.S. 120, 137 S.Ct. 1858).

Plaintiff's *Bivens* claims risk transforming this Court into an ad hoc review board tasked with second-guessing ICE's decisions, determining how to detain immigrants and carry out immigration enforcement actions, all with no judicial guidance or Congressional authority. Since multiple alternative remedies are available such as policy revisions and internal agency reviews, the Court should find special factors counsel hesitation in extending a *Bivens* remedy in this case.

### E.    Defendant Wesling is entitled to qualified immunity.

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The purpose of the doctrine is to "shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* at 231. Assuming arguendo that Plaintiff alleged facts sufficiently describing a

**Page 21    Defendants' Motion to Dismiss**

violation of a constitutional right, which he has not, a government official is not liable unless the constitutional right in question was "clearly established" at the time of the official's conduct such that every reasonable person in the official's position would have known that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The inquiry is not 'whether another reasonable or more reasonable interpretation of events can be constructed … after the fact.' Rather, the issue is whether a reasonable officer could have believed that his conduct was justified." *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) (citation omitted).

Under the doctrine of qualified immunity, the constitutional right at issue must not be defined "at a high level of generality," *al-Kidd,* 563 U.S. at 742. The analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The Supreme Court reaffirmed this requirement in *White v. Pauley* recounting the numerous reversals over a five-year period in qualified immunity cases due to circuit courts defining "clearly established law" at a "high level of generality." 137 S. Ct. 548, 551-52 (2017) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). The *White* Court reiterated that "clearly established law must be 'particularized' to the facts of the case." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Plaintiff has neither

**Page 22    Defendants' Motion to Dismiss**

provided any case showing a violation of clearly established law nor such a case with the facts of the present case.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondent superior*. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to *Bivens*...suits, a plaintiff must plead that each Government-official defendant, through the *official's* own individual actions, has violated the Constitution." *Id.* at 676. Each Government official, regardless of title, is only liable for his or her own misconduct. *Id.* at 677. Plaintiff failed to plead that Defendant Wesling's own actions violated the Constitution. Plaintiff claims Defendant Wesling "took responsibility for ICE actions against" him, citing Defendant Wesling's affidavit. ECF 1 at p. 37. Even if Plaintiff had shown that Defendant Wesling's subordinates violated clearly established law, which he has not, Defendant Wesling's affidavit does not claim he was personally involved in any enforcement actions against Plaintiff. Instead, Defendant Wesling's affidavit states that his official duties include supervising ICE officers and that Plaintiff and an ICE agent flew from New York to Kenya on August 3, 2023. *Id.* at pp. 38-39. Plaintiff has not pled that Defendant Wesling took any action in violation of the Constitution. His claims against Defendant Wesling should be dismissed.

**Page 23    Defendants' Motion to Dismiss**

**F.    All but Plaintiff's 2023 *Bivens* claims are barred by two-year statute of limitations.**

Plaintiff's claims alleging he was handcuffed for excessive periods of time in 2015, 2016, and 2018 are time-barred by the applicable two-year statute of limitations.  *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (holding that a two-year statute of limitations applies to Bivens claims brought in Oregon).

A federal claim accrues, and the limitations period begins to run, when a plaintiff "knows or has reason to know of the injury" that forms the basis of the action.  *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).  In this case, Plaintiff's alleged injuries in 2015-2016 and 2018 occurred over two years before he filed this lawsuit on February 26, 2024.   ECF 1. Plaintiff's *Bivens* claims concerning the allegations from those three years 2015-2016 and 2018 should be dismissed because they are time barred.

## CONCLUSION

For the reasons above, Plaintiff's claims should be dismissed.

Respectfully submitted this 7th day of October, 2024.

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Alison M. Milne*
ALISON M. MILNE
Assistant U.S. Attorney
Attorneys for Defendants

**Page 24    Defendants' Motion to Dismiss**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on October 7, 2024, addressed to:

> Samuel K. Gicharu
> c/o Isaac Gicharu Kinuthia
> 465 NE 181st Avenue, #723
> Portland, Oregon 97230

*/s/ Keith Ramsey*
KEITH RAMSEY
Supervisory Paralegal Specialist